1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8                      UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 BAY AREA PAINTERS AND TAPERS              Case No.: C10-1305 MMC
   PENSION TRUST FUND, et al.,                **ORDER RE:**
11                                             **VOLUNTARY DISMISSAL WITHOUT**
              Plaintiffs,                      **PREJUDICE**
12 v.

13 ADVANCED INTERIOR SYSTEMS, INC., a
   California Corporation; and ROBERT LEE
14 BROWN, an Individual,

15            Defendants.

16

17      PLEASE TAKE NOTICE that pursuant to F.R.C.P. Rule 41(a)(1)(ii), Plaintiffs BAY

18 AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al., and Defendants

19 ADVANCED INTERIOR SYSTEMS, INC., and ROBERT LEE BROWN, stipulate to the

20 voluntarily dismissal, without prejudice, of Defendants ADVANCED INTERIOR SYSTEMS,

21 INC., and ROBERT LEE BROWN, in this action.

22      1.    The parties to this action have come to an agreement as to settlement of Plaintiffs'

23 claim on contributions and other amounts found due by Defendants to Plaintiff Trust Funds, and

24 have executed the attached Stipulation for Entry of Judgment ("Stipulation").

25      2.    Pursuant to the terms of the Stipulation, the Court shall retain jurisdiction of this

26 matter, and should Defendants default on their obligations under the Stipulation and fail to timely

27 cure such default as provided in the Stipulation, Judgment may be immediately entered against

28

-1-
**VOLUNTARY DISMISSAL WITHOUT PREJUDICE**
Case No.: C10-1305 MMC

P:\CLIENTS\PATCL\Advanced Interior Systems\Pleadings\Complaint to Compel Audit\C10-1305 Plaintiffs' Voluntary Dismissal 032811.doc

Defendants and in favor of Plaintiffs upon the Declaration by a duly authorized representative of Plaintiffs.

3.  Plaintiffs have not previously filed or dismissed any similar action against Defendants.

Respectfully submitted,

Date: March 28, 2011            **SALTZMAN & JOHNSON**
                                **LAW CORPORATION**

                                By:  _____/s/_____
                                     Muriel B. Kaplan
                                     Attorneys for Plaintiffs

ORDER

Based on the foregoing and GOOD CAUSE APPEARING, this action is dismissed, without prejudice, and all dates in this matter are hereby vacated. The court shall retain jurisdiction of the action.

IT IS SO ORDERED.

Dated:  March 30, 2011              _____
                                    THE HONORABLE MAXINE M. CHESNEY
                                    UNITED STATES DISTRICT COURT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# *EXHIBIT A*

VOLUNTARY DISMISSAL WITHOUT PREJUDICE
<u>Bay Area Painters and Tapers Trust Fund v. Advanced Interior Systems, Inc.</u>
*USDC, Case No.: C10-1305 MMC*

Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys' for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED INTERIOR SYSTEMS, INC., a California Corporation; and ROBERT LEE BROWN, an Individual,<br><br>Defendants. | Case No.: C10-1305 MMC<br><br>**STIPULATION FOR ENTRY OF JUDGMENT** |

IT IS HEREBY STIPULATED by and between the parties hereto that only upon a default of this Stipulation, Judgment may be entered in the within Action in favor of the Plaintiffs BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. ("Plaintiffs" or "Trust Funds"), and against Defendants ADVANCED INTERIOR SYSTEMS, INC. ("AIC"), a California Corporation; and ROBERT LEE BROWN ("Brown"), an Individual, and/or alter egos and/or successor entities ("Defendants"), as follows:

1. Defendants signed and entered into a valid Collective Bargaining Agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2.   Plaintiffs have filed a lawsuit (United States District Court for the Northern District of California Case No. C10-1305 MMC) ("the Action") against Defendants alleging that ADVANCED INTERIOR SYSTEMS, INC., ("AIS") breached certain provisions of a bargaining agreement between AIS and the UNION Plaintiff by failing to pay Plaintiffs contributions for union employees' travel, and that ROBERT LEE BROWN personally guaranteed those unpaid contributions, and is thus personally liable for them. Additionally, Plaintiffs allege in the lawsuit that Defendants are liable for interest, liquidated damages, and litigation costs including attorneys' fees.

3.   Mindful of the uncertainties and expense of continued litigation, the Parties have reached an agreement to compromise and settle certain claims and disputes among and between these Parties, on the terms set forth in this Stipulation.

NOW, THEREFORE, in consideration of the mutual and dependent covenants set forth herein, and other good and valuable consideration, and subject to the conditions hereinafter set forth, the Parties hereby stipulate and agree, as follows:

4.   AIS shall pay to Plaintiffs $50,000.00, plus 5% per annum interest on the unpaid principal balance claimed due by Plaintiffs *for the period January 1, 2006 through June 30, 2009. Payments shall be made* over a period of 24 months by monthly installments of $2,194, to be paid on or before the 15th day of each month, commencing on the 15th day of the month during which this Stipulation is fully executed. Payments shall be applied first to unpaid interest and then to unpaid principal. AIS may prepay all or part of the outstanding balance without penalty. Any remaining amounts due under the terms of this Stipulation shall be paid with or before the final installment payment.

5.   ROBERT LEE BROWN will personally guarantee payment to the extent of his guaranty obligation under the Agreement of Employers Regarding Bay Area Painter and Tapers Trust Funds document alleged by Plaintiffs in their lawsuit, attached hereto as *Exhibit A* and incorporated herein by reference.

6.   Checks shall be made payable to the District Council 16 Health & Welfare Trust Fund and shall be delivered to Muriel B. Kaplan at Saltzman & Johnson Law Corporation, 44

1 | Montgomery Street, Suite 2110, San Francisco, California, 94104, or to such other address as may
2 | be designated by Plaintiffs

3      7.      If payment is not made timely, AIS shall be considered to be in default of this Stipulation. If this occurs, Plaintiffs shall mail and email a written notice of default to Defendants' attorney C. Patrick Stoll, Law Office of C. Patrick Stoll, 2201 Francisco Dr., Suite 140-262, El Dorado Hills, CA 95762 (email: cpstoll@sbcglobal.net) to cure the default within seven (7) days of the date of the notice. If the 7th day falls on a weekend or Federal holiday, then Defendants may cure the default by the first business day thereafter. If the default is caused by a failed check, default shall only be cured by payment by cashier's check, and all future payments shall be made by cashier's check. In the event the noticed default is not timely cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs, *and judgment may be entered upon the Declaration as to the default by a duly authorized representative of Plaintiffs*.

     8.      The Parties, for and in consideration of the payments called for herein, together with dismissals as required by this agreement, fully and finally settle, release acquit, forever discharge and covenant not to sue each other for all claims alleged and related to the Action ("the Released Claims"). Except as otherwise stated herein, such release and discharge includes any and all Actions, claims, demands, causes of Action, suits, obligations, damages, losses, judgments and liabilities of any nature or kind whatsoever related to this Stipulation, whether, asserted or unasserted, known or unknown, , statutory or civil , and attorneys" fees, costs, losses or expenses of any kind or nature, which in any way arise out of or relate to the Released Claims, for themselves and each of their respective officers, directors, owners, partners, heirs, spouses, shareholders, trustors, trustees, buyers, sellers, transferees, executors, administrators, agents, successors, and assigns, , to the full extent of their legal standing and authority. This release is unrelated to and shall not apply to any future claim for withdrawal liability.

     9.      *Upon execution of this Stipulation, Plaintiffs shall cause to be filed a dismissal of this action without prejudice, but subject to entry of judgment as provided herein.* Upon receipt of all payments required under this Stipulation, Plaintiffs shall cause to be filed a dismissal with prejudice of the Action.

10. The Parties shall pay their own attorneys' fees and costs in connection with this Action, except as to any included in the stipulated amount to be paid therein. However, in the event of an alleged breach of this Stipulation, the Parties agree that the prevailing party is entitled to recovery of costs, including attorneys' fees and expert witness fees, to enforce this agreement. It is the intent of the Parties that the prevailing party be made whole.

11. Plaintiffs represent and warrant that as of the date of execution of this Stipulation, no portion of any of the Released Claims, nor any portion of any recovery or settlement to which they might be entitled, has been assigned or transferred to any other person or entity by operation of law or otherwise. In the event any party breaches this warranty and representation, that party shall indemnify and hold all other Parties harmless from any claims, suits, liabilities, losses or damages resulting from such breach.

12. Plaintiffs represent and warrant that they have not filed, instituted, or joined any claim in any state or federal court, administrative agency, or any other forum arising out of, or relating in any way to any claim that is the subject matter of this Stipulation which may exist against Defendants except for the Action to which this Agreement relates, as identified in paragraph A herein above.

13. Any failure on the part of the Plaintiffs to take any Action against Defendants as provided herein in the event of any breach of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendants of any provisions herein.

14. This Stipulation is the product of negotiation and compromise, and the language of this Stipulation has been approved by all Parties. Each party warrants and represents to the others that it has reviewed this document with, and obtained the advice of, independent counsel prior to execution of this Stipulation.

15. This Stipulation represents the settlement of disputed and contested claims and nothing contained herein shall be construed as an admission by any party of any liability to any other party or third person, except as created by this Stipulation.

16. Except as expressly set forth herein, this Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes any and all

written or oral prior agreements between the Parties with regard thereto. This Stipulation may not be modified or amended except by a written instrument, signed by each of the Parties hereto. No representations, warranties or promises as to settlement of this Action have been made or relied upon by any signatory hereto other than as set forth herein. No representation or promise pertaining to this Stipulation or the subject matter thereof shall be binding upon any of the Parties, except as expressly stated in this Stipulation.

17.  This Stipulation was drafted by counsel for the Parties and there shall not be a presumption or construction against any party thereto based on the identity of the person or person drafting any provision or any part of any provision of this Stipulation. The Parties waive the provisions of California Civil Code Sec.1654.

18.  If any provision or any part of any provision of this Stipulation is for any reason held to be invalid, unenforceable, or contrary to any public policy, law, statute or ordinance, then the remainder of this Stipulation shall not be affected thereby and shall remain valid and fully enforceable.

19.  Section, titles, and captions contained in this Stipulation are inserted only as a matter of convenience and for reference and shall in no way be construed to define, limit, or extend the scope of this Stipulation or the intent of any of its provisions.

20.  This Stipulation may be executed by facsimile and in counterparts.

21.  Notwithstanding any of the foregoing terms, failure to remain current in contributions to Plaintiffs under the terms of the current or future Collective Bargaining Agreements, if any, and the Declarations of Trust as amended, shall constitute a default of the obligations under this Stipulation, and the provisions of ¶7 above shall apply. Beginning with contributions due for hours worked by Defendants' employees during the month of February, 2011, Defendants' reports and contribution payments shall be received by the Plaintiffs no later than the last business day of the month following the hours worked by Defendants' employees, so that no further delinquency is incurred by Defendants during the period stated herein for satisfaction of the obligations which are the subject of this Stipulation.

///

///
///
///
///

22. The Parties agree that the United States District Court for the Northern District of California retains jurisdiction to construe and enforce this Stipulation, and to resolve disputes that arise under it. In the event of any default in the terms or conditions of this Stipulation, any Party may move the court for entry of judgment pursuant to the terms of this Stipulation.

Dated: March ____, 2011

ADVANCED INTERIOR SYSTEMS, INC.

By: _____
Robert Lee Brown, CEO/President

Dated: March ____, 2011

**ROBERT LEE BROWN**

_____
Robert Lee Brown, Individually

Dated: March 27, 2011

SALTZMAN AND JOHNSON LAW CORPORATION

By: _____
Muriel B. Kaplan
Attorneys' for Plaintiffs
Bay Area Painters & Tapers Trust Funds

APPROVED AS TO FORM:

Dated: March 27, 2011

SALTZMAN AND JOHNSON LAW CORPORATION

By: _____
Muriel B. Kaplan
Attorneys' for Plaintiffs
Bay Area Painters & Tapers Trust Funds

Dated: March 25, 2011

LAW OFFICE OF C. PATRICK STOLL

By: _____
Carl Patrick Stoll
Attorneys' for Defendants

## AGREEMENT OF EMPLOYERS
## REGARDING BAY AREA PAINTERS AND TAPERS TRUST FUNDS

The undersigned employer agrees to pay the monthly contributions for each employee required by the collective bargaining agreement affecting painters then in effect to the Bay Area Painters Pension Trust Fund, the Bay Area Painters Welfare Fund, Beneficial Fund, Supplemental Holiday Fund and Joint Apprenticeship Funds, and to be bound in all respects by the collective bargaining agreement, and the Trust Agreements.

From the day an employee earns his right to contributions to these trust funds, to the day that said contributions are actually received by the designated depositary the employer agrees to hold said sums as trustee and in trust for the benefit of the employees earning said contributions. The employer further agrees that said sums are retained by the employer for said time period for administrative convenience and for the purpose of securing a faithful performance by the employees and their union representative of a contract of employment.

The individual whose signature appears below on behalf of the employer, agrees to be personally and individually liable for said contributions.

**PLEASE CHECK**
- PDCA ☐
- NMS—Painting ☐
- DRYWALL ☐
- NMS—Drywall ☐
- Maintenance Employer ☐
- General Contractor ☐
- Specialty Contractor ☐
- I.P.C.A. ☐

Name of Employer ADVANCED INTERIOR SYSTEMS INC (Please Print Clearly)

Name of person signing on behalf of employer
Signature Robert L Brown (Please Print Clearly)
Address 2354 Beautiful Way
Shadows Shoals, CA 95682
Telephone 530 676-4305  Date Signed 8/27/02
Contractor's License No. 741849

---

**STIPULATION FOR ENTRY OF JUDGMENT**
Bay Area Painters and Tapers Pension Trust Fund v. Advanced Interior Systems
US District Court, Northern District of California Case No: C10-1305 MMC

Exhibit A